UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. G., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>ANTIOCH UNIFIED SCHOOL DISTRICT,<br>　　　　Defendant. | Case No. 19-cv-01576-HSG<br>**ORDER GRANTING PETITION FOR APPROVAL OF MINOR'S COMPROMISE**<br>Re: Dkt. No. 24 |

Pending before the Court is Plaintiff D.G.'s motion for approval of the compromise, filed by and through his guardians ad litem Michele A. and Daniel G. ("Plaintiffs"). *See* Dkt. No. 24. For the reasons detailed below, the Court **GRANTS** the motion for approval of the compromise.

I.   **BACKGROUND**

On July 17, 2018, Plaintiffs filed a special education due process complaint ("Administrative Claim") against Defendant Antioch Unified School District. *See* Dkt. No. 1 ("Complaint" or "Compl."), & Dkt. No. 1-1, Ex. 1. Plaintiffs alleged that Defendant violated the Individual with Disabilities Education Act ("IDEA") by failing to provide D.G., an eight-year-old child, with a free appropriate public education ("FAPE") when it did not adequately assess him in all areas of suspected disability. *Id.*

On December 28, 2018, the administrative law judge ("ALJ") granted Plaintiffs' requested relief in part ("OAH Decision"). *See* Dkt. No. 1-2, Ex. B. The ALJ concluded that D.G. was eligible for special education; ordered Defendant to convene an Individual Education Program ("IEP") team meeting; and awarded D.G. 250 hours of academic tutoring. *Id.* at 27–33, 38–40. However, the ALJ denied Plaintiffs' other requests for relief. *Id.*

On March 26, 2019, Plaintiffs filed the complaint in this action against Defendant, seeking

to partially overturn the OAH Decision to the extent that the ALJ did not find that the Defendant's psychoeducational evaluation was inadequate; did not order an occupational therapy evaluation; and did not find that D.G. required speech and language services. *See* Compl. ¶¶ 29–50. Plaintiffs also sought attorneys' fees and costs as a prevailing party in the administrative proceeding, pursuant to 20 U.S.C. § 1415(i)(3)(B). *See id.* at ¶¶ 51–54.

On August 30, 2019, the parties executed a settlement agreement, in which (1) Defendant will pay Plaintiffs' attorneys' fees incurred in the administrative proceeding in the amount of $75,000; and in exchange, (2) Plaintiffs will release and discharge Defendant from any and all claims arising from the administrative proceeding or this action; and regarding the FAPE that Defendant offered or provided on or before November 19, 2018. *See* Dkt. No. 24-2. Defendant has approved the settlement and did not oppose Plaintiffs' motion. *See* Dkt. No. 25.

## II. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see* Fed. R. Civ. P. 17(c) (providing that district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). When there is a proposed settlement in a suit involving a minor plaintiff, this "special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). As part of this inquiry, the "court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). The district court must review "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. But the court must disregard the "proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" because the court has "no special duty to safeguard" their

2

1  interests. *Id.*

## III. DISCUSSION

Based on its review of Plaintiffs' submissions, the Court finds that the proposed settlement is fair and reasonable and serves the best interests of the minor. The Court first notes that this settlement is atypical in that the entire amount of the settlement will be applied toward the attorneys' fees that D.G.'s family incurred in pursuing his rights in the Administrative Claim and in this action. *See* Dkt. No. 24-2. As such, D.G. will not directly receive any of the money. *Id.* Instead, Plaintiffs' counsel of record will receive $75,000 as attorneys' fees. *Id.* Plaintiffs' counsel, though its fees to date exceed $89,000, has agreed to accept this payment as full compensation, and will not pursue the balance from Plaintiffs. *See* Dkt. No. 24-3 ¶¶ 3–6, 8. Despite this unusual structure, the Court finds the settlement fair and reasonable given the substantial difficulties and uncertainties in continuing to litigate Plaintiffs' claims. *See* Dkt. No. 24-3 ¶ 9; *cf. Escondido Union Sch. Dist. v. Chandrasekar*, No. 18CV02873JLBNLS, 2019 WL 3945356, at \*8 (S.D. Cal. Aug. 21, 2019) (approving minor's compromise comprising attorneys' fees in similar context). If this case had continued, there is no certainty that Plaintiffs would have prevailed on their claims. Moreover, although there is no settlement amount to distribute to the minor, Defendant has complied with the OAH Decision, which directed substantial resources for D.G.'s benefit: Defendant has placed D.G. on an IEP and D.G. is in the process of receiving 250 hours of compensatory education in reading, math, and written expression. *See* Dkt. No. 24 at 2.

Accordingly, the Court **GRANTS** the motion for approval of the compromise of the action and directs the parties to disburse the proceeds of the settlement as detailed in the Final Settlement Agreement, dated August 30, 2019, *see* Dkt. No. 24-2, Ex. 2.

//
//
//
//
//
//

3

**IV. CONCLUSION**

Accordingly, the Court **GRANTS** the motion for compromise. The parties are **DIRECTED** to file a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which does not require an order of approval from the Court, by October 11, 2019. The Court further **VACATES** the telephonic conference currently scheduled for October 1, 2019.

**IT IS SO ORDERED.**

Dated: October 1, 2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge